25 F.3d 1052
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene SZYMANSKI, Defendant-Appellant.
 No. 93-2580.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order denying a motion for new trial filed under Fed.R.Crim.P. 33. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Eugene Szymanski was convicted after a jury trial of conspiracy to distribute heroin, in violation of 21 U.S.C. Sec. 846, and distribution of heroin, in violation of 21 U.S.C. Sec. 841. The conviction of Szymanski and his five co-defendants was affirmed on direct appeal by another panel of this court. United States v. Szymanski, 872 F.2d 1030 (table) (6th Cir.), cert. denied, 493 U.S. 858 (1989).
 
 
 3
 In 1993, Szymanski filed a motion for new trial pursuant to Fed.R.Crim.P. 33. The district court summarily denied the motion and this appeal followed. The parties have briefed the issues; Szymanski is proceeding without benefit of counsel. Szymanski also moves to disqualify opposing counsel.
 
 
 4
 The following may be distilled from the Criminal Rule 33 motion for a new trial: Eugene Szymanski contends that his original criminal trial attorney, Dennis Peppler, was ineffective and later perjured himself at one of Szymanski's post-conviction hearings. Szymanski contends specifically that Peppler failed to interview witnesses with actual knowledge of Szymanski's innocence and that Peppler falsely testified that Szymanski was going to commit perjury in his own defense at his criminal trial. Szymanski seeks a new trial on this basis as newly discovered evidence.
 
 
 5
 The district court, per Judge Feikens, denied the motion in a summary order, as follows:
 
 
 6
 Inasmuch as these matters have been referred to repeatedly by defendant; have been ruled on by me; and now, observing again that this matter is raised before Chief Judge Julian A. Cook, Jr., who has again referred the matter to me, IT IS ORDERED that the motion for a new trial, dated November 17, 1993, having been raised again, is hereby DENIED.
 
 
 7
 The motion was appropriately denied regardless of its construction. It is initially noted that a motion for a new trial under Fed.R.Crim.P. 33 on the basis of newly discovered evidence must be filed within 2 years after final judgment absent an appellate remand. Szymanski's motion was therefore well out of time under Criminal Rule 33, as the motion is styled by him.
 
 
 8
 The motion plainly lacks merit even if we give it the liberal construction usually given to pro se filings. Szymanski's motion may be viewed as one for post-conviction relief under 28 U.S.C. Sec. 2255. This, however, would merely make this motion the virtual twin of an earlier unsuccessful Sec. 2255 motion, the denial of which was affirmed by another panel of this court. See United States v. Szymanski, 894 F.2d 1337 (table) (6th Cir.), cert. denied, 498 U.S. 944 (1990). There is no reason apparent in the record or offered by Szymanski to justify revisiting these issues. The appeal lacks merit.
 
 
 9
 Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.